**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MARLENE KLOTZ, On Behalf of Herself and All Others Similarly Situated,** *Plaintiff*, | § § § § | |
| | § | **Civil Action No. _____________** |
| **v.** | § § | |
| **RAJESH PATEL and GILMER LODGING, INC.,** *Defendants*. | § § § | **Jury Demanded** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff MARLENE KLOTZ, on behalf of herself and all others similarly situated ("Plaintiff" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against RAJESH PATEL and GILMER LODGING, INC. ("Defendants" herein), and in support thereof would respectfully show the Court as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA requires employers to pay employees engaged in commerce a minimum of $7.25 per hour. 29 U.S.C. 206(a)(1)(C). Further, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Plaintiff worked for Defendants as a desk clerk at the Executive Inn in Gilmer, Texas from early 2014 until March 8, 2017. Plaintiff worked between 40 and 48 hours per week throughout her employment with Defendants. Plaintiff was paid $100 per week in cash at all times.

3. Plaintiff's compensation was, at all times, less than the minimum wage required by the FLSA, and was never paid overtime compensation for any hours worked in excess of 40 hours per week as required by the FLSA.

4. Defendants have other employees who were compensated similarly to Plaintiff: they were not paid the required minimum wage for the number of hours that they worked and were not paid overtime compensation.

5. Defendants violated the FLSA by failing to pay Plaintiff, and those similarly situated, for all hours of work at the rates required by the FLSA. Plaintiff files this suit on behalf of herself and all other similarly-situated former and current employees for Defendants. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

6. Plaintiff MARLENE KLOTZ is an individual who has been employed by Defendants within the meaning of the FLSA. Plaintiff hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

7. Plaintiff and "Class Members" are Defendants' current and former employees who were not paid their full minimum wage and overtime compensation.

8. Defendant RAJESH PATEL is an individual who resides in Gregg County, Texas, which is in this judicial district. Defendant can be served with process at his residence at 3410 Oak Hill Trail, Longview, Texas 75605, or wherever he may be found.

9. Defendant GILMER LODGING, INC. is a Texas corporation with a principal place of business in Upshur County, Texas, which is in this judicial district. Defendant can be served with process through its registered agent: Rajesh K. Patel, 920 Highway 271 South, Gilmer, Texas 75644.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over the claim because Plaintiff is asserting a claim that arises under federal law. 28 U.S.C. § 1331.

11. Venue is proper in the Eastern District of Texas because the events forming the basis of the suit occurred in this District. 28 U.S.C. 1391.

## IV. COVERAGE

12. At all material times, Defendants acted, directly or indirectly, as an employer with respect to Plaintiff and Class Members.

13. At all times hereinafter mentioned, Defendants were employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendants were part of an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants were part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1). That is, said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

16. Additionally, at all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as they routinely received phone calls and processed credit card payments for Defendants. 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

17. Defendants own and operate hotels, motels, inns, and other lodging facilities around Texas in interstate commerce, including the Executive Inn, the Gilmer Inn, and other facilities.

18. Plaintiff MARLENE KLOTZ was employed by Defendants as a desk clerk at the Executive Inn in Gilmer, Texas, from early 2014 until March 8, 2017.

19. Plaintiff's duties included taking reservations over the phone, checking in overnight guests, and processing credit card payments.

20. Plaintiff and Class Members were (or are) responsible for executing the daily activities necessary for Defendants to accommodate their clients and were (or are) subject the direct supervision and control of Defendants.

21. Plaintiff worked 48 hours per week for Defendants from the beginning of her employment until January 4, 2016, at which time she began working 40 hours per week.

22. Plaintiff was paid $100.00 per week, regardless of the number of hours actually worked.

23. Plaintiff's compensation was, at all times, less than the minimum wage required by the FLSA for the number of hours she worked.

24. Defendants have employed and are employing other individuals who work(ed) under the same or similar pay provisions as Plaintiff's.

25. Plaintiff and Class Members routinely 40 hours per week or more and were not paid minimum wage or overtime compensation as is required by the FLSA. 29 U.S.C. §§ 206-207.

26. As a result of Defendants' failure to pay Plaintiff and Class Members at least the federal minimum wage and time-and-a-half for hours worked over 40 per week, Plaintiff and Class Members were not compensated for all hours worked at the rates required by the FLSA.

27. Defendants were aware of their obligation to pay minimum wage and, when applicable, overtime compensation to Plaintiff and Class Members and failed to do so. Defendants carried out their illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff and Class Members willfully within the meaning of the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff and Class Members worked for Defendants at the Executive Inn, the Gilmer Inn, or other facilities owned, operated, or managed by Defendants. All of said facilities are part of a single enterprise as the term is defined in the FLSA.

29. Plaintiff and Class Members perform(ed) work for Defendants under the same or similar pay provisions: that is, they were paid less than the required minimum wage and were not paid the required compensation for overtime hours worked.

30. Plaintiff and Class Members were not exempt employees under the FLSA. Thus, Class Members are owed unpaid minimum wage and unpaid overtime compensation for the same reasons as Plaintiff and are, therefore, similarly situated.

31. Defendants' failure to pay employees the minimum wage and overtime compensation required by the FLSA results from a policy or practice of paying less than the minimum wage and overtime compensation required by the FLSA. This policy or practice is/was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or

practice which resulted in the non-payment of minimum wage and overtime compensation to Plaintiff applied to all Class Members.

32. Plaintiff accordingly brings this action on behalf of herself and others similarly situated. 29 U.S.C. 216(b).

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

33. During the relevant period, Defendants violated and are violating the provisions of the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, but failing to pay them the required minimum wage or overtime compensation for workweeks longer than 40 hours. *See* 29 U.S.C. §§ 206-207, 215(a)(2), 216(b). Defendants were required to comply with the requirements of the FLSA because they were (are) part of an enterprise engaged in commerce and Plaintiff and Class Members were employees engaged in commerce as defined by the FLSA. Defendants acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

34. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid minimum wage and overtime compensation due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Shane McGuire*
**SHANE MCGUIRE**
State Bar No. 24055940
THE MCGUIRE FIRM, PC
102 N. College Street, Suite 301
Tyler, Texas 75702
Phone: 903-630-7154
Fax: 903-630-7173
shane@mcguirefirm.com
**ATTORNEY FOR PLAINTIFF**